## WILLIAM T. GRANT *vs.* GEORGE F. MELLEN.

Bristol. Oct. 24, 1882. — March 2, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If A. is induced by the false representations of B. to buy property of him, and to give in payment therefor his promissory note indorsed by C., which, before maturity, is transferred by B. for value to an innocent purchaser, to whom C. pays it, and if A. rescinds the sale, or the property bought by him is of no value, he may recover, in an action against B., the amount paid by C., with interest from the time of such payment.

TORT for false and fraudulent representations, with a count in contract for money had and received. Answer, a general denial. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

The defendant, a short time prior to March 15, 1879, proposed to the plaintiff to sell to him for the sum of $1000, payable in two promissory notes of $500 each, the one half interest which the defendant said he owned in the publishing business of a newspaper styled The Daily Record, published in Fall River, and represented to the plaintiff that the defendant's interest comprised a half interest in everything used in the publication of said newspaper, including printing presses, type, and all the materials and furniture connected with such publication; that three thousand copies of said newspaper were published per day; that the sales of the newspaper and job printing paid all the expenses of the business, leaving the proceeds of advertising as a clear profit; that one half interest in the business of said newspaper was owned by William O. Milne, who had mortgaged his interest to one Dunlap for the sum of $500; and that the defendant

owned the other half interest in the business of said newspaper. The plaintiff, relying upon and induced by these representations of the defendant, agreed to purchase the defendant's interest in the business of said newspaper, and upon the request of the defendant, before any papers, which the defendant promised to make, were executed to carry into effect said arrangement, the plaintiff made and delivered to the defendant the plaintiff's promissory note for $500, indorsed by Elihu Grant, the plaintiff's father, payable in four months from date. At the time these representations were made by the defendant, and the note given, one Timothy L. Dunlap held a mortgage of one half and a bill of sale of the other half of the newspaper business and property; the daily publication of the newspaper did not exceed one thousand copies; the business of publishing said newspaper and connected therewith was yielding no profit; and the defendant owned no part of the stock, presses, furniture, &c. of the business, and had contributed to his partnership with Milne a sum of money not exceeding $450. When the plaintiff ascertained these facts, which knowledge was obtained after giving the defendant the note for $500, he demanded of the defendant the restitution of said note, on the ground that he had received no value for it, and the defendant promised to make this restitution, or to provide for the payment of the note at its maturity. The defendant passed the note before its maturity to a purchaser, who had no notice of the facts affecting the consideration of the note; and, upon its maturity and after suit thereon, the note was paid by Elihu Grant, the indorser thereof. Articles of copartnership between the plaintiff and Milne were executed; and the plaintiff contributed $61 for the payment of persons employed in the business of said newspaper, and assisted in its business for about two weeks, and then ceased to have any participation in or connection with its business. There was no evidence of any public record of the mortgage, or of the bill of sale to Dunlap.

The judge found that the plaintiff was induced by the representations made by the defendant to make and deliver the note of $500, and that these representations were false and fraudulent; and ruled, as matter of law, upon the facts found and above stated, that the plaintiff was entitled to recover the sum of $500, with interest from the time of the payment of the note by the

indorser, and assessed damages and ordered judgment accordingly. The defendant alleged exceptions.

*M. G. B. Swift,* for the defendant.

*J. W. Cummings,* for the plaintiff.

FIELD, J. The fraudulent representations found by the court to have been made by the defendant were such that the plaintiff could maintain an action of tort in the nature of deceit to recover all damages suffered by reason of the representations ; or he could, on discovering that the representations were false, rescind the sale, if he were able to put the defendant *in statu quo,* and could then recover the value of the consideration given by him. The consideration given was his promissory note, indorsed by Elihu Grant. The note was transferred by the defendant, before maturity, for value, to an innocent purchaser, to whom Elihu Grant paid it. It must be assumed from the exceptions that Elihu Grant indorsed the note at the request of the plaintiff, and that his payment of it was a payment made for the benefit of the plaintiff, and that Elihu Grant can recover of the plaintiff the amount paid, with interest from the time of payment. As this payment was made for and in behalf of the plaintiff, the damages are the same as if the plaintiff had himself made the payment. The court must have found, either that the sale had been rescinded, or that the property actually transferred to the plaintiff was of no value, and that, if the representations had been true, the property bought would have been of the value paid for it. On either finding, the rule of damages was substantially correct. *Exceptions overruled.*